# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued January 7, 2021        Decided July 9, 2021

No. 20-5076

FENG WANG, AND HIS CHILD, GUANYU WANG, ET AL.,
APPELLANTS

v.

ANTONY BLINKEN, IN HIS OFFICIAL CAPACITY AS U.S.
SECRETARY OF STATE, ET AL.,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:18-cv-01732)

*Edward F. Ramos* argued the cause for appellants. With him on the briefs were *Ira J. Kurzban*, *John P. Pratt, and Helena M. Tetzeli*.

*Matthew J. Glover*, Senior Counsel to the Assistant Attorney General, U.S. Department of Justice, argued the cause for appellees. With him on the brief were *Jeffrey Bossert Clark*, Acting Assistant Attorney General, *Glenn M. Girdharry*, Assistant Director, and *Christopher A. Bates*, Senior Counsel to the Assistant Attorney General. *R. Craig Lawrence*, Assistant Attorney General, entered an appearance.

Before: SRINIVASAN, *Chief Judge*, MILLETT and WALKER, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* WALKER.

WALKER, *Circuit Judge*:     The Immigration and Nationality Act makes a limited number of visas available to foreign investors who create jobs in the United States.   It also grants investors' spouses and children the "same status" and "same order of consideration" for those visas as the investors. 8 U.S.C. § 1153(d).

When the Department of State calculates how many visas it may issue for foreign investors, it includes an investor's spouse and children in the total count.   So, for example, if there are 10,000 investor visas available in a year, and if the first 3,000 of those visas go to investors with 7,000 spouses and children, no additional visas are available to foreign investors.

The Plaintiffs challenge this counting practice.   They claim the Department should have stopped counting family members against the total number of investor visas after Congress relocated the controlling text within the Act in 1990.

We disagree.    The Act required the Department's approach before 1990, and it still does.   Congress did nothing in 1990 to change the text's meaning.   We therefore affirm the district court's dismissal of the Plaintiffs' lawsuit.

I

"An alien needs an immigrant visa to enter and permanently reside in the United States."    *Scialabba v. Cuellar de Osorio*, 573 U.S. 41, 46 (2014) (plurality opinion). The Immigration and Nationality Act, 8 U.S.C. §§ 1101–1537,

governs how immigrants obtain those visas. It prioritizes U.S. citizens' immediate relatives. *Scialabba*, 573 U.S. at 46. From there, it gets complicated.

For others hoping to reside in the United States, the Act outlines three immigrant visa categories:

1) "family-sponsored immigrants": other relatives of U.S. citizens, *see* 8 U.S.C. § 1153(a);

2) "employment-based" immigrants: foreigners with marketable skills, *see id.* § 1153(b); and

3) "diversity" immigrants: citizens of "countries with historically low immigration to the United States," *see id.* § 1153(c).

*See Scialabba*, 573 U.S. at 46 & 47 n.3.

Job-creating investors qualify for a subcategory of employment-based visas. 8 U.S.C. § 1153(b)(5). These visa holders must invest at least $900,000 in a business if they build it in a rural area or an area with high unemployment. If they plan to invest in another region, they must invest at least $1.8 million. *Id*. § 1153(b)(5)(C)(i)–(ii); 8 C.F.R. § 204.6(f)(1)–(2).[1] No matter where they invest, they must create at least 10 jobs for citizens or permanent residents. 8 U.S.C. § 1153(b)(5)(A)(ii).

Although the Act places no cap on visas for U.S. citizens' immediate relatives, *id*. § 1151(b)(2)(A)(i), it caps the other

---

[1] *But see Behring Regional Center LLC v. Wolf*, No. 20-cv-09263-JSC, 2021 WL 2554051, at *1 (N.D. Cal. June 22, 2021) (vacating the Final Rule that increased the minimum business investment amount to $1.8 million, or $900,000 for rural business investors, as improperly promulgated).

three visa categories: family-sponsored, employment-based, and diversity. With some nuances that don't matter here, the annual cap on employment-based visas is 140,000. *Id*. § 1151(d)(1)(A). Within that 140,000, the cap on investor visas is just under 10,000. *Id*. § 1153(b)(5)(A).[2]

Finally, we arrive at the provision of the Act at issue here. After listing the three visa categories, the Act says:

> **A spouse or child** . . . **shall**, if not otherwise entitled to an immigrant status and the immediate issuance of a visa under subsection (a) [family-sponsored], (b) [employment-based], or (c) [diversity], **be entitled to the same status, and the same order of consideration provided in the respective subsection**, if accompanying or following to join, the spouse or parent.

*Id*. § 1153(d) (emphases added).

In other words, if you receive an employment-based visa, you may bring your spouse and children with you to the United States. So too if you receive a family-sponsored visa or a diversity visa. No matter your visa category, your spouse and children are "entitled to the same status, and the same order of consideration" as you.

Under that provision, the Department of State counts the family members of an employment-based visa holder when it totals the number of employment-based visas it may issue.

---

[2] Generally, the annual cap on family-sponsored visas (for U.S. citizens' more distant relatives) is between 226,000 and 480,000. 8 U.S.C. § 1151(c)(1)(B)(ii). The annual cap on diversity visas is 55,000. *Id*. § 1151(e).

And more specifically, it also counts the family members of investors when it totals the number of investor visas it may issue. That matters here because, in recent years, the demand for investor visas has exceeded the supply.

Among those understandably frustrated by that imbalance are the Plaintiffs. They include immigrant investors unable to enter the United States because of the employment-based visa cap and the specific cap on investor visas.[3] They argue that the Department should not count investors' spouses and children against the cap on investor visas.

The district court granted the Department's motion to dismiss. *Feng Wang v. Pompeo*, No. 18-cv-1732, 2020 WL 1451598, at \*1 (Mar. 25, 2020). We have jurisdiction, 28 U.S.C. § 1291, and we review the district court's decision to dismiss de novo. *Statewide Bonding, Inc. v. U.S. Department of Homeland Security*, 980 F.3d 109, 114 (D.C. Cir. 2020). Because the Immigration and Nationality Act requires the Department to count investors' spouses and children toward the cap on investor visas, we affirm.

---

[3] The Plaintiffs also include their spouses and children and American Lending Center LLC, a regional center in California whose clients are immigrant investors.

6

II

A

"We start where we always do: with the text of the statute." *Van Buren v. United States*, 141 S. Ct. 1648, 1654 (2021) (cleaned up).

The key phrases are "same status" and "same order of consideration provided in the respective subsection." 8 U.S.C. § 1153(d). Together, those phrases mean that an immigrant's spouse and children receive the "same" treatment as the immigrant. More specifically, investors' spouses and children receive the "same" treatment as investors.

Same status means that when an immigrant receives an employment-based visa, the immigrant's spouse and children also receive an employment-based visa. Likewise, when an investor gets an investor visa, the investor's family members get that same kind of visa. And because they get the same kind of visa, the investor's family members also count against the investor visa cap.

The phrase "same order of consideration provided in the respective subsection" resolves any doubt. *Id*. That's because "the respective subsection" for employment-based visas, § 1153(b), expressly refers to the worldwide cap on those visas specified in § 1151(d). *See id*. § 1153(b) ("Aliens subject to the worldwide level specified in section 1151(d) of this title for employment-based immigrants in a fiscal year shall be allotted visas as follows . . . ."). From there, § 1151(d) caps employment-based visas at 140,000. And

going back to § 1153(b), investor visas are capped at 10,000. *See id*. § 1153(b)(5)(A).

Thus, because spouses and children receive "the same order of consideration provided in the" employment-based visas subsection, which specifically caps employment-based visas, spouses and children are also subject to the 140,000-person cap on employment-based visas. In the same way, because investors' spouses and children receive "the same order of consideration provided in the" investor visas sub-subsection, and that subsection specifically caps investor visas, spouses and children are also subject to the 10,000-person cap on investor visas.

B

Beyond § 1153(d)'s plain text, two statutory provisions reinforce our conclusion.

First, aside from visas for U.S. citizens' immediate relatives, the statute provides three and only three categories of immigrant visas: 1) family-sponsored; 2) employment-based; and 3) diversity. Unless an immigrant qualifies for an enumerated exemption under § 1151(b) — which Plaintiffs don't qualify for — visas "are limited to" those three exclusive categories. *Id*. § 1151(a). And because an immigrant investor's spouse and children do not usually qualify for the first and third categories, an employment-based visa is often the only visa available to them.

Second, an immigrant's spouse and children are not listed in § 1151(b) where Congress exempted certain immigrants from the caps on each of the three visa categories. In that section, Congress defined the "aliens . . . who are not subject to the worldwide levels or numerical limitations." *Id*.

§ 1151(b) (cleaned up). If an investor's spouse and children were exempt from the employment-based visa cap, you'd find them on that list. And since you don't, they aren't. *See, e.g.*, *id*. § 1151(b)(1)(A) (exempting "special immigrants" from the statutory caps) (cleaned up).

Indeed, in that same section, Congress exempted U.S. citizens' immediate relatives from visa caps. *Id*. § 1151(b)(2)(A)(i). That Congress specifically exempted immediate relatives of U.S. citizens but didn't exempt spouses and children of immigrant investors further indicates that investors' spouses and children count toward the cap on visas.

C

The Plaintiffs counter that Congress altered the provision's meaning by moving it in 1990 when Congress made substantial changes to other parts of the Act. Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978. Before 1990, the "same status, and the same order of consideration" provision about immigrants' family members was in a section describing which immigrants "are subject to the numerical limitations." Immigration and Nationality Act Amendments of 1965, Pub. L. No. 89-236, § 203, 79 Stat. 911, 911 & 914.

Then, in 1990, Congress created the three capped visa categories described above and placed the "same status, and the same order of consideration" provision in that new section below its description of the three categories. Congress titled the new provision "Treatment of Family Members." 104 Stat. 5009.

According to the Plaintiffs, because the 1990 Version no longer links spouses and children to the Act's numerical limitations, spouses and children are no longer subject to the

cap's "numerical limitations." Appellants' Br. at 29. They add that Congress intended investor visas to go to investors, who must meet certain requirements that their spouses and children usually do not meet. *See* 8 U.S.C. § 1153(b)(5)(A).

The Plaintiffs' arguments, though inventive, conflict with the plain meaning of § 1153(d), which we discussed in Section II(A), and the larger statutory context, which we discussed in Section II(B). In addition, in matters of immigration policy, where deference to the political branches is high, we require clearer legislative direction than just the relocation of unaltered statutory text before adopting a reading of the statute that effects the type of sweeping and monumental change in immigration policy that the Plaintiffs' reading of the statute would cause. *See INS v. Aguirre-Aguirre*, 526 U.S. 415, 425 (1999) ("we have recognized that judicial deference to the Executive Branch is especially appropriate in the immigration context"). Their arguments also conflict with the presumption that we understand the reenacted text in the same way the Department of State did before 1990. *Forest Grove School District v. T.A.*, 557 U.S. 230, 239-40 (2009); A. Scalia & B. Garner, *Reading Law: The Interpretation of Legal Texts* 322 (2012) ("If a statute uses words or phrases that have already received authoritative construction by . . . a responsible administrative agency, they are to be understood according to that construction.") (emphasis omitted); *see also id.* at 324 & 324 n.8 (citing *FDIC v. Philadelphia Gear Corp.*, 476 U.S. 426, 437 (1986); *NLRB v. Bell Aerospace*, 416 U.S. 267, 275 (1974)).

III

Because the Immigration and Nationality Act requires the Department of State to count investors' spouses and children against the cap for investor visas, we do not address the

Department's argument regarding *Chevron* deference or the Plaintiffs' argument about notice-and-comment requirements. *See Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-43 (1984) ("If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress."); 5 U.S.C. § 553(b)(3)(A) (notice-and-comment requirements do not apply "to interpretive rules").

\*　　\*　　\*

When totaling investor visas, the Department of State must continue to count visas awarded to investors' spouses and children.

We affirm.